IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**TIMOTHY XAVIER FIELDS**                                                              **PLAINTIFF**

**v.**                              **No: 2:17-cv-00214 JLH-PSH**

**JIMMY WILLIAMS,** *et al.*                                                        **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Timothy Xavier Fields filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 27, 2017, while incarcerated at the Lee County Jail (Doc. No. 2). The defendants are Jimmy Williams, the mayor of Marianna, and Martin Wilson, the Chief of the Marianna Police Department. Fields was granted leave to proceed *in forma pauperis* and ordered to file an amended complaint identifying claims relating to only one issue,[1] describing how each defendant violated

---

[1] Claims which are factually unrelated to one another may not be prosecuted in a single action against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2). Additionally, Fields should not be allowed to defeat the filing fee requirements by joining multiple causes of action in one suit.

his constitutional rights, describing how he was injured by each defendant's actions, and explaining why he sued defendants in their official capacities only. Doc. No. 3. Fields filed his amended complaint on January 22, 2018, identifying at least five separate issues and indicating he is suing defendants in their official capacities only. *See* Doc. No. 4. For the reasons stated herein, Fields' claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Fields' original complaint sought an award of monetary damages. Doc. No. 2 at 9. His amended complaint does not specify what relief he seeks, but the Court notes that Fields has since

been transferred to the Arkansas Department of Corrections so injunctive relief would be unavailable.  *See* Doc. Nos. 5 & 6.  Fields sues defendants in their official capacities only.  *See* Doc. No. 4.  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."  *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself.  *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998).  A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor.  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013).  Accordingly, the defendant city employees can only be held liable in their official capacities in this case if Fields can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).  Fields does not assert that a custom or policy of the city of Marianna, Arkansas was the moving force behind the claimed violations of his constitutional rights.  Accordingly, his complaint fails to state a claim upon which relief may be granted and should be dismissed.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Fields' complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

      3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

      IT IS SO RECOMMENDED this 20th day of February, 2018.

      _____
UNITED STATES MAGISTRATE JUDGE