# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

TIMOTHY XAVIER FIELDS                                                                PLAINTIFF

v.                                           No. 2:17CV00214 JLH

JIMMY WILLIAMS, in his official capacity
as Mayor of Marianna, Arkansas, and
MARTIN WILSON, in his official capacity
as Chief of Police, Marianna Police Department                                      DEFENDANTS

## OPINION AND ORDER

Timothy Xavier Fields commenced this action on December 27, 2017, against the Mayor of Marianna, Arkansas, Jimmy Williams, and the Chief of Police of the Marianna Police Department, Martin Wilson, in their official capacities for violations of the United States Constitution. On January 2, 2018, Magistrate Judge Patricia S. Harris directed Fields to file an amended complaint describing how the defendants violated his constitutional rights, how he was injured by their actions, and why he sued them in their official capacities only. Document #3. Fields filed an amended complaint on January 22, 2018. Document #4. The Magistrate Judge recommended that Fields's amended complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted. Document #7. Fields objects. Document #8. The Court adopts the proposed recommendation as modified herein.

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to

contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). A claim is frivolous if "it lacks an arguable basis in law or fact." *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).

In considering whether a complaint states a claim upon which relief may be granted, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id.* The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

Fields alleges the following facts in his amended complaint. First, Fields was not permitted to go outside. He complained after he began experiencing headaches and struggling with his mental health, but Mayor Williams and Chief Wilson sent him a message through the jailor saying that there was nothing wrong with him. Second, the jail was dirty and smelled. Fields was only provided once or twice a month with a mop and broom to clean his cell. He was forced to eat most of his meals in the dirty cell, where stink bugs and flies came up from the drain in the floor and from the toilet. He describes eating his meals while trying to keep the bugs off of his food and waking up in the morning to find his cup and spoon covered in bugs. He complained, but did not receive a response.

Third, Fields was denied access to dental care. He complained about a bad tooth for over a month and filed a grievance, but did not receive a response. Fourth, Fields was denied access to the courts. He was not provided stamps, envelopes, pens, or paper. Fifth, Fields was not provided a "real" grievance and grievance appeal process. Rather, Fields was provided a form entitled "Voluntary Statement." Document #4 at 5. The form appears to be what an investigator would provide to a suspect making a written confession. *Id*. at 5.

Fields sues Mayor Williams and Chief Martin in their official capacities only. Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed. 611 (1978). In other words, the City of Marianna, Arkansas is the real party in interest and for it to be subject to municipal liability under § 1983, its "'policy or custom' must have played a part in the violation[s] of federal law." *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (quoting *Monell*, 436 U.S. at 694, 98 S. Ct. at 3037). Fields does not allege that a written city policy was itself unconstitutional. Instead, he alleges that his injuries resulted from the unconstitutional acts of Mayor Williams and Chief Martin. The city cannot be held liable based merely on the actions of its employees. *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). But, "[m]unicipal officials who have final policymaking authority may subject not only themselves, but also the government, to liability under § 1983." *Tilson v. Forrest City Police Dept.*, 28 F.3d 809, 814 (8th Cir. 1994).

"[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establish final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S. Ct. 1292, 1300, 89 L. Ed. 2d 452 (1986). The Court looks

3

to state and local law to determine whether a municipal official serves as the final policymaker. *Thompson v. Shock*, 852 F.3d 786, 793 (8th Cir. 2017); *Praprotnik v. City of St. Louis*, 879 F.2d 1573, 1574 (8th Cir. 1989). "State law, including valid local ordinances and regulations, will always direct the courts to some official or body of officials that has policymaking authority in a given area of the municipality's business." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941 (8th Cir. 2017). Final policymakers can create municipal liability based on the actions of their subordinates by delegating policymaking authority to a subordinate or by ratifying the actions of a subordinate. *Id*.

The question is whether Mayor Williams and Chief Martin possess final authority to establish the policy of the City of Marianna, Arkansas, with respect to the conditions of confinement at the city jail. Ark. Code Ann. § 14-52-101 provides:

> The city council shall have power to establish a city police department, to organize it under the general superintendence of the mayor, and to prescribe its duties and define its powers in such manner as will most effectually preserve the peace of the city, secure the citizens thereof from personal violence, and safeguard their property from fire and unlawful depredations.

And Ark. Code Ann. § 12-41-401(a) provides: "The city council shall have power to erect, establish, and maintain a city jail, which shall be in the keeping and under the control of the chief of police, under such rules and regulations as the city council may prescribe." Arkansas law is clear that the city council, neither the mayor nor the police chief, has the power to promulgate policies governing the conditions of confinement and treatment of inmates at the city jail. Therefore, the allegedly unconstitutional acts of Mayor Williams and Chief Martin do not constitute official city policy. The only basis for holding the City liable for their acts would be under a theory of respondeat superior, which does not apply to municipalities. *See Thompson*, 852 F.3d at 793-95. The amended complaint fails to state a claim.

## CONCLUSION

For the foregoing reasons:

1. Fields's amended complaint is DISMISSED with prejudice. Document #4.

2. Dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 23rd day of March, 2018.

                                                                          _____
                                                                          J. LEON HOLMES
                                                                           UNITED STATES DISTRICT JUDGE